THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | No. 24 CR 00012 |
| | ) | |
| MELISSA ANN DOBBS, | ) | Judge Virginia M. Kendall |
| | ) | |
| *Defendant.* | ) | |

## OPINION AND ORDER

Defendant Melissa Ann Dobbs moves to dismiss Count One of the Indictment charging her with health care fraud in violation of 18 U.S.C. § 1347 along with the Indictment's criminal forfeiture allegation. (Dkt. 2 at 2–3; Dkt. 36 at 1–2). For the reasons set forth below, Dobbs's Motion to Dismiss [36] is denied.

## BACKGROUND

On January 16, 2024, the United States charged Dobbs in Count I of the Indictment with health care fraud, alleging she "executed, and attempted to execute, a scheme and artifice to defraud any health care benefit program" beginning on January 1, 2017 and continuing until February 23, 2021. (Dkt. 2 at 2). Dobbs also faces a charge in Count II for knowingly making a false statement to a federally insured bank in violation of 18 U.S.C. § 1014. (*Id.*) Finally, the government includes a forfeiture allegation in the Indictment, indicating it will seek to recover all property "that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses" if Dobbs is convicted. (*Id.* at 2–3).

## DISCUSSION

Dobbs argues that Count I and at least part of the forfeiture allegation must be dismissed because they both relate to conduct that occurred outside of the relevant statutes of limitations. The statute of limitations relevant to any criminal conduct is an affirmative defense. *United States*

1

*v. Akmakjian*, 647 F.2d 12, 14 (9th Cir. 1981). To prevail on her Motion to Dismiss on either grounds, Dobbs must demonstrate that she is entitled to the limitations defense as a matter of law. *United States v. Schafer*, 625 F.3d 629, 636–37 (9th Cir. 2010).

I. **Count I: Health Care Fraud**

Dobbs first argues that Count I must be dismissed because it concerns conduct that falls outside of the five-year limitations period governing Medicaid and Medicare fraud prosecutions. *See* 18 U.S.C. § 3282(a); (Dkt. 36 at 1–2). But she misunderstands the limitations period. The end, not the beginning, of Dobbs's alleged scheme to defraud is relevant to whether § 3282(a)'s five-year statute of limitations bars the government's case as to Count I. Health care fraud in violation of § 1347 is a continuing offense. *United States v. Holden*, 806 F.3d 1227, 1231–32 (9th Cir. 2015). As a continuing offense, the government "may charge a single health care fraud scheme in violation of 18 U.S.C. § 1347 even when several acts in furtherance of the scheme fall outside the statute of limitations," provided the indictment only alleges one execution of a continuing scheme. *Id.* at 1232 (citing *United States v. King*, 200 F.3d 1207, 1213 (9th Cir. 1999)). The United States only alleges the execution of one scheme based on Dobbs's acts between January 1, 2017 and February 23, 2021. (*See* Dkt. 2 at 2). The indictment was filed on January 18, 2024, within five years of February 23, 2021 and, thus, the time allowed under § 3282(a). Because *Holden* completely forecloses Dobbs's argument, her Motion to Dismiss Count I of the Indictment is denied.

II. **Forfeiture Allegation**

In addition to the substantive counts in the Indictment, the United States includes a notice of its intent to seek criminal or civil forfeiture of property as part of any sentence that may be imposed on Dobbs in this matter, consistent with 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(a).

2

(*See* Dkt. 2 at 2–3). Dobbs claims 42 U.S.C. § 1320a-7a(c)(1) provides a "civil statute of limitations" of six years and thus argues that, to the extent the government seeks forfeiture of property based on acts or occurrences from more than six years before when the government filed the Indictment, those allegations must be dismissed. (Dkt. 36 at 2). The government, for its part, claims that 19 U.S.C. § 1621 supplies the relevant statute of limitations: "five years after the time when the alleged offense was discovered." (*See* Dkt. 38 at 3). It asserts Dobbs has not put forth any evidence that the government discovered her health care fraud offense prior to January 27, 2020, which is within the limitations period. (*Id.*) Neither Dobbs nor the government have the forfeiture limitations period quite right.

First, the statute Dobbs cites has nothing to do with forfeiture allegations in a criminal indictment. Instead, 42 U.S.C. § 1320a-7a prescribes the limitations period for civil penalty proceedings the Secretary of Health and Human Services may choose to initiate in cases of Medicare and Medicaid fraud. Forfeiture notices baked into a criminal indictment present a different set of questions entirely, rendering Dobbs's argument irrelevant. The government's position is similarly deficient because 19 U.S.C. § 1621's five-year statute of limitations governs separately filed civil forfeiture actions, against the res the government seeks to seize, not forfeiture notices in an indictment designed to "be imposed as part of [a] defendant's sentence." (Dkt. 38 at 3); *see, e.g.*, *United States v. Messino*, 865 F. Supp. 511, 513 (N.D. Ill. 1994) (rejecting defendant's argument that § 1621's five-year limitation applies to forfeiture notices included in a criminal indictment). *But cf. United States v. Real Prop., Titled in the Names of Godfrey Soon Bong Kang & Darrell Lee*, 120 F.3d 947, 949 (9th Cir. 1997) (applying § 1621's five-year limitation in independent civil forfeiture action based on an underlying criminal violation); *United States v. 874 Gartel Dr.*, 79 F.3d 918, 922 (9th Cir. 1996) (same). Instead, the statutory scheme set forth in

3

28 U.S.C. § 2461 and 21 U.S.C. § 853, and further incorporated by Fed. R. Crim. P. 32.2(a), makes clear that criminal forfeiture notices such as the one included in Dobbs's indictment are valid as to any charged scheme that itself is not barred by the statute of limitations.

The government relies on 18 U.S.C. §§ 981, 982, which are the respective civil and criminal forfeiture sections relevant to the charged conduct in this case.[1] Title 28 U.S.C. § 2461(c) provides for the inclusion of a forfeiture notice in a criminal indictment, and incorporates the criminal forfeiture procedures set forth in 18 U.S.C. § 853. Section 853(a), along with the Rules of Criminal Procedure anticipate that criminal forfeiture will be included as part of sentencing. Fed. R. Crim. P. 32.2 ("A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute."); § 853(a) ("The court, in imposing sentence . . . shall order, in addition to any other sentence imposed . . . that the person forfeit to the United States all property described in this subsection."). Finally, § 853(j) provides a carveout for civil forfeiture provisions and procedures that are inconsistent with the criminal forfeiture statute and Rule 32.2's commands. *See Messino*, 864 F. Supp. at 513. That carveout encompasses limitations periods that would otherwise interfere with the government's ability to include forfeiture notices in criminal indictments and the court's ability to enforce final orders of forfeiture for properly charged schemes to defraud.

All told, the relevant statutes make clear that forfeiture notices are not separate charges or substantive offenses, and are thus not subject to separate statutes of limitations, like 19 U.S.C.

---

[1] The criminal forfeiture allegation in the Dobbs Indictment is not a model of clarity. For example, the government cites to 18 U.S.C. § 981(a)(7) in support of its forfeiture allegation. But that subsection does not exist. The Court has gleaned, however, that this is a "minor or technical deficienc[y]," *United States v. Spayd*, 627 F. Supp. 3d 1058, 1061 (D. Alaska 2022), because the government clearly intended to cite § 982(a)(7), the criminal forfeiture subsection that applies to "Federal health care offense[s]."

4

Case 3:24-cr-00012-VMK-MMS    Document 43    Filed 06/03/25    Page 4 of 6

§ 1621, that apply in independent civil forfeiture proceedings. Instead, criminal forfeiture notices are designed to put defendants on notice and enable courts to enter preliminary and final orders of forfeiture at sentencing as part of the punishment for charged conduct. *See generally* Fed. R. Crim. P. 32.2. Indeed, as Dobbs's argument fails to appreciate or mention, the scheme also excuses the government from outlining any specific property in its forfeiture notice, which would make Dobbs's requested dismissal of "any civil forfeiture based on occurrences six years or more before the Indictment" impossible. (Dkt. 36 at 2); Fed. R. Crim. P. 32.2 (a) ("The indictment or information need not identify the property subject to forfeiture or specify the amount of any forfeiture money judgment that the government seeks.").

Declining to impose a specific statute of limitations on criminal forfeiture notice does not render them, or final forfeiture orders, untethered from an upper time limit. Instead, the statute of limitations for the charged conduct constrains which assets the government can reach. In Dobbs's case, the rule will require her to forfeit all property that is "traceable to the scheme charged" if she is ultimately convicted. *United States v. Sigillito*, 899 F. Supp. 2d 850, 861 (E.D. Mo. 2012); *see also Holden*, 806 F.3d at 1232; 18 U.S.C. § 3282(a). The various statutes at play validate the Court's approach, not least of which the criminal forfeiture statute for health care offenses, which states courts "*shall* order the person to forfeit property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense." 18 U.S.C. § 982(a)(7) (emphasis added). Imposing a definite five, or even six, year statute of limitations on a mandatory forfeiture allegation that attends a continuing offense like health care fraud would make no sense, as a matter of practice or statutory construction.

While circuit authority on this issue is sparse, the district courts to have addressed it are in accord with the above. *See Sigillito*, 899 F. Supp. 2d 850, 861–62 (E.D. Mo. 2012) (allowing the

5

Case 3:24-cr-00012-VMK-MMS   Document 43   Filed 06/03/25   Page 5 of 6

government to seek the forfeiture of all proceeds involved in a scheme or conspiracy and declining to impose a forfeiture-specific limitations period); *Messino*, 864 F. Supp. at 513 ("[T]here is no independent statute of limitations for criminal forfeiture allegations that are tacked on to an indictment. Rather than providing no statute of limitations, as defendant argues, such a holding merely applies the straight criminal statute of limitations."); *United States v. Milicia*, 769 F. Supp. 877, 884 (E.D. Pa. 1991) (permitting criminal forfeiture for all proceeds tied to a criminal act that was properly prosecuted within the statute of limitations), *appeal dismissed*, 961 F.2d 1569 (3d Cir. 1992); *cf. United States v. Lazarenko*, 504 F. Supp. 2d 791, 796–97 (N.D. Cal. 2007) (requiring the government only to give defendants notice of its intent to seek forfeiture within the limitations period relevant to the substantive charge, in part because "criminal forfeiture is not a separate, substantive charge; but is instead part of the sentence").

In short, as a matter of timeliness, the criminal forfeiture notice in the Dobbs Indictment rises and falls with the substantive charges against her. Because there is no colorable legal challenge to the timeliness of those charges, Dobbs's Motion to Dismiss [36] the forfeiture allegation is denied.

## CONCLUSION

For the reasons set forth above, Defendant Melissa Ann Dobbs's Motion to Dismiss [36] Count I of the Indictment and the Criminal Forfeiture Allegation is denied.

_____
Virginia M. Kendall
United States District Judge

Date: June 3, 2025